UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BYRON ELMORE; DOMISHAI JACKSON; NIDIA UGALDE and EDWIN UGALDE; KYRO WILLIAMS; CANDUS WILSON, individually and as Special Administrator of WILLIAM WILSON, Deceased, <br><br> Plaintiffs, <br><br> v. <br><br> MERCK & COMPANY, INC., a foreign corporation; KERRY EDWARDS, KEN HUTCHINSON, *et al.*, <br><br> Defendants. | 03:06-cv-00557-LRH (RAM) <br><br> O R D E R |

Presently before this court is a motion to remand (#14[1]) brought by Plaintiffs. Defendants have submitted an opposition (#20), to which Plaintiffs subsequently replied (#22). Also before the court is Defendants' Motion to Stay Pending Transfer by the Judicial Panel on Multidistrict Litigation (#4). Plaintiffs have filed an opposition (#10, errata at #17), to which Defendants subsequently replied (#15). Finally, several notices have been filed regarding related cases supporting each side's position (##6, 30 & 34). Upon review of the record and relevant law, the court makes the following disposition:

---

[1] References to (#XX) refer to the court's docket.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiffs' case is one among thousands of product liability cases recently brought by individuals who allege to have suffered serious physical injury as a result of their use of the drug Vioxx. Although occasionally other defendants are named, for the most part these cases are brought against Merck & Company, Inc. ("Merck"), the company which manufactured, marketed, and sold Vioxx. Due to the high volume of Vioxx litigation across the nation, a Judicial Panel on Multidistrict Litigation (the "Panel") has been authorized, pursuant to 28 U.S.C. § 1407, to coordinate those lawsuits over which the federal courts have jurisdiction. The Panel is responsible for conditionally transferring all federal cases to the Multidistrict Litigation court, *see id.*, which is in the United States District Court for the Eastern District of Louisiana (the "MDL court"). The Plaintiffs in this action originally filed their claims in state court. On June 3, 2005, Merck removed the case to federal court on the basis of diversity jurisdiction. Plaintiffs' complaint stated claims not only against Merck, but also against certain Nevada citizens, nineteen current or former Merck professional representatives (collectively, the "non-diverse Defendants"). Therefore, on the face of the complaint it appeared that complete diversity was lacking in the case, and the court was without jurisdiction. However, Merck's notice of removal asserts that the non-diverse Defendants have been fraudulently joined in the case, and that the Plaintiffs in this case have been egregiously misjoined, and therefore diversity jurisdiction is not defeated.

In addition to removing the case to this court, Merck gave notice of this case to the Panel and requested transfer to the MDL court. Simultaneously, Merck filed a motion requesting a stay of all proceedings until such time as the Panel has had the opportunity to transfer the case. The Panel has not yet transferred the case to the MDL court, nor is it known when it will do so. Consequently, this court continues to have jurisdiction. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997) (citing the Multidistrict Litigation Panel holding that "the pendency of a motion or conditional transfer order [does] not affect or suspend orders and pretrial proceedings in the district court in

which the action is pending and does not in any way limit the pretrial jurisdiction of that court").

## LEGAL STANDARD FOR MOTIONS TO REMAND

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. §1441(a). One instance in which the district courts of the United States have "original jurisdiction" is where there is complete diversity between the parties and the amount in controversy exceeds $75,000.

The proper procedure for challenging removal is a motion to remand, and a federal court must order remand if there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal procedure. 28 U.S.C. § 1447(c).  The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996); *Gaus*, 980 F.2d at 567.

## DISCUSSION

The court begins by noting that there have been several previous rulings by this court in similar cases.  Although the court has been notified of rulings by other courts which granted Merck's motion to stay, the court finds that there is a fairly even split within the jurisdiction over this issue.  Given the evenness of the split, the court sees no reason to modify its previously stated position on the issue.

Once again several issues are presented by the motions before the court.  Initially, Merck requests that this court grant their motion to stay all proceedings pending the Panel's transfer of this

case to the MDL court. Staying this action would preclude the court from ruling on Plaintiffs' motion to remand. However, if the court opts to deny the motion to stay, it must determine whether the case is subject to diversity jurisdiction and therefore properly removed to the federal court.

**I.       Defendant's Motion to Stay**

Although the court has jurisdiction to decide the remand issue at this time, *see, e.g. Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997), Merck requests a stay of all proceedings until such time as the MDL court has asserted jurisdiction over the case. Merck argues that considerations of judicial economy and the avoidance of conflicting rulings should require a stay of the proceedings. This court disagrees. The central inquiry in determining whether the jurisdictional issue is more appropriately resolved by the MDL court should be whether deferring to that court would advance the interests for which the statutes authorizing multidistrict litigation were intended: "Section 1407 was intended to promote the 'just and efficient conduct' of the actions transferred [to the MDL court]." *See, e.g. Ivy. v. Diamond Shamrock Chemicals Co.*, 901 F.2d 9 (2d Cir. 1990) (citing H.R. Rep. No. 1130, 90th Cong., 2d Sess., *reprinted in* 1968 U.S. Code Cong. & Admin. News 1898, 1900). *See also Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001) (citing H.R. Rep. No. 90-1190). As explained in more detail below, this court concludes that determination of the jurisdictional issue presented in this case will rely on examination of factual issues and interpretation of Nevada law. Moreover, the court finds that the interest of expediency weighs in favor of determining the motion to remand. It is unknown when the multilitigation panel will issue a conditional transfer order to the MDL court. Even once it does so, the Plaintiffs are then provided an opportunity to contest the transfer, which will result in proceedings that further delay determination of the motion to remand. As the parties have already advised this court of the issues involved during briefing, it is unnecessary to cause additional delay by staying proceedings so that another court may determine the motion. Therefore, the court will deny Merck's motion to stay and consider Plaintiffs' motion to remand.

**II.     Plaintiffs' Motion to Remand**

Under 28 U.S.C. 1441(a), defendants may remove any civil action brought in state court if there is federal jurisdiction. Section 1441(b), however, states that diversity jurisdiction cases are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." Merck has removed this case and now opposes remand on the grounds that the non-diverse Defendants are fraudulently joined and should not be permitted to destroy diversity. Merck also contends that the Plaintiffs in this case are egregiously misjoined. If Merck is correct, then the non-diverse Defendants should be dismissed from the case, which would result in creating the complete diversity necessary for this court to have original jurisdiction. Even if Merck is incorrect, however, the court must consider whether it is appropriate to sever the non-diverse Defendants, which will result in a portion of the case proceeding in federal court.

A. Diversity Jurisdiction

It is uncontested that the Plaintiffs' complaint names multiple Drug Sales Representatives who worked for Merck in Nevada as non-diverse Defendants; Kerry Edwards, Ken Hutchinson, Misty L. Kuperman, Nancy Moredock, Tracey Phillippi, Jerry Shaw, Karen Shouse, Ladon Gay Silva, Debbie Lee, Nancy Nielsen, Lisa Davis, Ricky Gulati, Fred Auzene, Serge Brunet, Tina Damore, Julie Diane Wurch, Nicole Lorenzzi, Leann Bonner-Welch and Paul Perry. Ordinarily, the court relies on only the face of the complaint to determine if diversity is present. *Ritchey v. Upjohn Drug Company*, 139 F.3d 1313, 1318 (9th Cir. 1998). However, "[a]n exception presents itself . . . where the defendants advocating removal assert that there has been a fraudulent joinder, which occurs when a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state . . . ." *Id*. In such cases, the defendant seeking removal is entitled to present the facts and submit evidence which shows that the joinder is fraudulent. *Id*. (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987);

*Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-99, 42 S.Ct. 35, 37-38 (1921)).  Merck argues that the joinder of the non-diverse Defendants is fraudulent because each of the claims brought against the non-diverse Defendants is so unsubstantiated that no true cause of action exists against these Defendants.  Although it is possible to create diversity by proving that there is no viable claim against the non-diverse Defendants, Merck has the burden of proof in this regard.  The court now turns its attention to whether Merck has met this burden.

Merck contends that the negligence claims brought by Plaintiffs do not exist under Nevada law because the non-diverse defendants, as sales agents for Merck, owed no duty to warn Plaintiffs of the potential dangers of their product.  Merck cites no Nevada cases concerning their duty to warn argument, but instead relies on decisions made by the MDL court.  Merck continues by arguing that many of the claims raised by Plaintiffs must fail because they have not been pled with specificity according to Federal Rule of Civil Procedure 9(b).  This court recognizes the heavy burden Merck must carry to avoid remand.  Merck must do more than simply show that some curable error in the formal pleading exists.  Merck must convince this court that under the settled rules of the State of Nevada, no cause of action pled can be sustained against the non-diverse Defendants.  *Ritchey v. Upjohn Drug Company*, 139 F.3d 1313, 1318 (9th Cir. 1998).  Merck attacks each and every claim brought against the non-diverse Defendants.  However, this court need not discuss in detail each argument, as the above examples more than suffice to convince this court that a colorable issue has been raised regarding the non-diverse Defendants' potential liability.  Merck can point to no settled law of the State of Nevada which would preclude these causes of action from continuing.

The court concludes that the various arguments posed by Merck in asserting that the claims against the non-diverse Defendants indicate a fraudulent joinder are insufficient to warrant such a finding.  The court is obligated to strictly construe the removal statute against removal, *Harris v. Provident Life & Acc. Ins. Co.,* 26 F.3d 930, 932 (9th Cir. 1994), and "[f]ederal jurisdiction must be

rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979)). *See also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868 (1941). Because of this, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that [a] plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package System, Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (citing *Nishimoto v. Federman-Bachrach & Assocs.,* 903 F.2d 709, 712 n. 3 (9th Cir.1990); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir.1988)). *See also Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp.2d 1116 (N.D. Cal. 2002). In asserting fraudulent joinder, Merck bears the burden of proving that the Plaintiffs' failure to state a cause of action against the non-diverse Defendants is obvious according to settled rules of state law. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998) (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987). Accordingly, the court must resolve all material ambiguities in state law in the Plaintiffs' favor. Plaintiffs raise a colorable argument in support of their allegations of liability against the non-diverse Defendants. Where there is a "non-fanciful possibility" that the Plaintiffs can state a claim against the non-diverse Defendants, the Court must remand." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp.2d 1116, 1117-1118 (N.D. Cal. 2002).

B.  Egregious Misjoinder

This court must also determine whether the Plaintiffs have been joined together purely to defeat Merck's right of removal. Such an act has been deemed so egregious by some courts as to be considered fraudulent joinder. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996). The argument presented to these courts, and to this court by Merck, is that the parties have been egregiously misjoined because the claims asserted against each defendant do not arise out of the same transaction or occurrence, as required by Federal Rule of Civil Procedure 20. As in *Harmon, et al. v. Merck & Company, Inc., et al.*, CV-N-05-0330–HDM (RAM), Plaintiffs have

7

alleged that Merck and the non-diverse defendants engaged in an intentional effort to mislead, including failing to warn Plaintiffs of the potentially dangerous effects of Vioxx.  As in *Harmon*, these acts and omissions form the basis for Plaintiffs' claims.  As such, this court determines they are part of the same transaction and occurrence that led to Plaintiffs' claims.  Joinder in this instance is not so egregious as to be deemed fraudulent.

      C.  Severance

Although this court finds that the joinder of all parties in this case was done properly, this court is also aware that it has the authority under the Federal Rules of Civil Procedure, Rule 21, to add or drop parties to a suit "at any stage of the action and on such terms as are just."  Therefore, this court is inclined to sever claims where the joinder is procedurally inappropriate and clearly accomplishes no other objective than the manipulation of the forum, and where the rights of the parties and interest of justice is best served by severance.  After reviewing all of the arguments for and against proper joinder in this matter, this court is convinced that the interests of justice would not be served by severing a case that has no procedural defects in the joinder of parties.

      D.  Attorney's Fees

Plaintiff's have requested attorney's fees in this matter on the ground that Merck's removal to federal court was frivolous.  Given the split within this jurisdiction and the emergence of cases both for and against Merck's position, the court concludes that removal was not frivolous.  Accordingly, Plaintiff's request for attorney's fees is denied.

///
///
///
///
///
///

**CONCLUSION**

It is therefore ORDERED that the Defendants' Motion to Stay all Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation (#4) is DENIED;

It is further ordered that Plaintiffs' Motion to Remand (#14) is GRANTED;

It is further ordered that Plaintiffs' Request for Oral Argument (#19) is DENIED as moot.

DATED this 28th day of March, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE